J-S28033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DIANE E. HOOVER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WILLIAM J. KEMP | |
| Appellant | No. 1758 MDA 2014 |

Appeal from the Order Entered September 23, 2014
In the Court of Common Pleas of Clinton County
Domestic Relations at No(s): 22-2011 DR

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 21, 2015**

William J. Kemp ("Father") appeals from the September 23, 2014 order wherein the trial court reinstated child support arrears in the amount of $3,804.93, restored his monthly child support obligation of $399, and precluded the disbursement of his anticipated inheritance.  We affirm.

Father has three minor children who have been in the care and custody of their paternal grandmother, Diane E. Hoover ("Grandmother"), at all relevant times.  On February 4, 2011, Grandmother filed a complaint for child support.  As Father was unemployed at that time, the trial court calculated Father's child support obligation using an assessed earning capacity of $9.00 per hour.  On March 15, 2011, the trial court entered a child support order totaling $399 per month.  The calculation accounted for the fact that Father fell within the self-support reserve ("SSR") range of the

support guidelines, which required that Father "retain income of at least $867 per month, an amount equal to the 2008 federal poverty level for one person." Pa.R.C.P. 1910.16-2 explanatory Cmt.—2010.[1]

When the order was entered, Father had already amassed $726.96 in arrearages. By February 2, 2012, following two petitions for contempt based upon Father's noncompliant failure to pay, the support arrearages totaled $3804.93. After Father's arrest and incarceration for homicide, on March 5, 2012, the trial court temporarily suspended the support order pursuant to Pa.R.C.P. 1910.19(f)(2), effective February 16, 2012.

Two years later, Grandmother filed a petition for modification seeking to lift the suspension in light of an anticipated inheritance that Father was expected to receive from his maternal grandmother. During the hearing on Grandmother's petition, the trial court identified James Malee, Esquire as the attorney who was administering the maternal grandmother's estate, reviewed the will, and determined that Father's estimated share of the estate was $9,833.

---

[1] The 2010 comment explains, "The SSR is intended to assure that obligors with low incomes retain sufficient income to meet their basic needs and to maintain the incentive to continue employment." Pa.R.C.P. 1910.16-2 explanatory Cmt.—2010.

Father countered Grandmother's petition by invoking our Supreme Court's holding in **Humphreys v. DeRoss**, 790 A.2d 281 (Pa. 2002), for the principle that since the corpus of an inheritance is not income for the purpose of calculating a child support obligation, his anticipated inheritance could not be secured in order to satisfy his arrearage or the existing child support obligation. The trial court rejected Father's contention and entered the instant order which, *inter alia*, authorized the domestic relations section[2] to secure the prospective inheritance prior to distribution pursuant to § 4305(b)(10)(v), which we reproduce *infra*, in order to satisfy the existing support obligation and arrearage.[3] This appeal followed.

_____

[2] The domestic relations section is a quasi-judicial department within each of the respective common pleas courts that is delegated statutory authority to administer and enforce court-ordered child support, spousal support, alimony *pendente lite*, and alimony. **See** 23 Pa.C.S. §§ 3704 ("Payment of support, alimony and alimony pendente lite") and 4305 ("General administration of support matters").

[3] In pertinent part, the September 23, 2014 order provided as follows:

> 1. The arrears of Three Thousand Eight Hundred Four and 93/100—($3,804.93)—Dollars are reinstated and the office of Clinton County Domestic relations is directed to take all appropriate measures to collect said arrearages, including but not limited to exercising powers set forth in 23 Pa.C.S.A. § 4305(b)(10)(v).

*(Footnote Continued Next Page)*

Father presents one issue for our review,

Whether the [trial] court committed an abuse of discretion by reinstating Appellant's child support obligation and by finding that Appellant's prospective inheritance was an asset, and therefore subject to the authority of 23 Pa.C.S.A. § 4305(b)(10)(v) to enforce and collect support.

Father's brief at 11.

"The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." *R.K.J. v. S.P.K.*, 77 A.3d 33, 37 (Pa.Super. 2013). We review a child support order for an abuse of discretion. *J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa.Super. 2015). "[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." *R.K.J., supra*. As this Court previously articulated, "An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly

---

*(Footnote Continued)* ————————

2. The Malee Law Firm is precluded from disbursing any inheritance payment to Defendant/Father, William J. Kemp, until further Order of Court.

3. Defendant/Father's support obligation in the amount of Three Hundred Ninety-nine—($399.00)—Dollars per month is reinstated effective May 22, 2014, the date Plaintiff filed the petition for modification of the existing support order.

Trial Court Order, 9/23/14.

unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." ***Id***.

Father argues that the trial court erred in reinstating his child support obligation and in making his anticipated inheritance subject to enforcement and collection by the domestic relation section pursuant to 23 Pa.C.S. § 4305(b)(10)(v). He asserts that the trial court's order contravened our High Court's pronouncement in ***Humphreys*** that the corpus of an inheritance is not income for the purpose of calculating a child support obligation. Essentially, Father equates the term "asset" with the statutory definition of "income" and rationalizes that, "By classifying [his] prospective inheritance as an 'asset' and . . . making it subject to domestic relations' authority to 'impose liens on property[,]' the [trial] court has re-defined the statutory language." Father's brief at 15. He continues, "If the legislature intended for [an] inheritance to be subject to the enforcement and collection authority of domestic relations, . . . it would have provided for inheritance, specifically, to be subject to that authority." ***Id***. For the following reasons, we disagree.

As noted, the trial court directed the Clinton County domestic relation section to take all appropriate measures to collect the arrearage and enforce Father's support obligation. Section 4305 of the the Domestic Relations Code outlines the powers and duties of the domestic relations section in

administrating support matters. As it relates to the case at bar, §

4305(b)(10)(v) states:

> **(b) Additional powers**.--Subject to the supervision and direction of the court but without the need for prior judicial order, the domestic relations section shall have the power to expedite the establishment and enforcement of support to:
>
> . . . .
>
> (10) Issue orders in cases where there is a support arrearage to secure assets to satisfy current support obligation and the arrearage by:
>
> . . . .
>
> (v) Imposing liens on property.

23 Pa.C.S. § 4305(b)(10)(v).

In rejecting Father's argument that *Humphreys* precluded it from

seeking to secure the prospective inheritance, the trial court noted that

*Humphreys* addressed the definition of "income" for the purposes of

calculating a monthly child support payment rather than determining what

assets could be depleted to satisfy an existing support obligation. The court

reasoned that it would be senseless to ignore a substantial asset when an

existing child support obligation remained unsatisfied. Trial Court Opinion and Order, 9/23/14/, at 4.[4] The court stated,

> The actions of [Grandmother] and Domestic Relations in this matter is nothing more than an exercise of authority set forth in 23 Pa.C.S.A § 4305(b)(10)(v). It makes absolutely no sense to this Court that Father could come into possession of a substantial amount of assets through an inheritance and be able to claim that it is unavailable to satisfy his support obligation simply because the asset was the result of an inheritance. While the inheritance may not be considered income, it still remains an asset which is subject to seizure for the purpose of satisfying Father's arrearages.

*Id*. We find no abuse of discretion.

In **Humphreys**, our Supreme Court confronted whether an inheritance could be considered income for the purpose of calculating a child support obligation. After engaging in statutory construction of the Domestic Relations Code, 23 Pa.C.S. §§ 101-8215, and reviewing the practices of some of our sister jurisdictions, the High Court held that the legislature did not intend to have such a bequest treated as income for the purpose of calculating a child support obligation under the support guidelines because the term "inheritance" was not included in the statutory definition of "income" under § 4302. **Humphreys**, *supra* at 287. The High Court pronounced, "In light of the fact that we can find no principled way of fitting

---

[4] The trial court opinion that is included in the certified record is not paginated. We assigned the appropriate page number for ease of reference.

the corpus of an inheritance into the statutory definition of 'income,' we hold that it may not be so included." *Id*.

Notwithstanding its holding, however, the **Humphreys** Court also recognized that a support obligor's inheritance is a relevant and appropriate consideration in fashioning a child support order. It specifically noted its relevance in deciding whether to deviate from the child support guidelines under Pa.R.C.P. 1910.16-5(a). *Id*. at 287-288. The Court explained, "where the fact finder determines that an inheritance affects a payor's financial obligations by making more income available for support, an upward deviation is appropriate." *Id*. at 288. The Court concluded its reasoning by reiterating, "although the corpus of an inheritance is not included in a payor's income available for support, it may be considered when adjusting a support obligation pursuant to Pa.R.C.P. 1910.16-5." *Id*. 288.

Despite Father's assertions to the contrary, the trial court did not treat the corpus of Father's anticipated inheritance as income available for the calculation of his support obligation. Actually, the trial court declined to calculate a new child support obligation.[5] Instead, the court identified the

---

[5] Father does not argue that the trial court was required to calculate a new child support order.

corpus of the inheritance as a potential asset that could be used to satisfy Father's **existing** child support obligation and arrearage. As the placement of a lien on an asset in this situation is specifically authorized by § 4305(b)(10)(v) and consistent with this Court's holding in ***Drevernik v. Nardone***, 862 A.2d 635 (Pa.Super. 2004), that ***Humphreys*** does not shield the principal of an testamentary trust from an order to satisfy support arrearages, no relief is due.

Moreover, to the extent that Father contends that the ***Humphreys*** court's decision is analogous to the case at bar, we rebuff that argument unreservedly. Plainly, there is no innate quality in a support obligor's inheritance that impedes its availability to satisfy a child support order. This truth is evident from the ***Humphreys*** Court's recognition that an inheritance is relevant in determining whether to apply the Rule 1910.16-5 deviation in calculating a new obligation under the support guidelines. The High Court's rationale in ***Humphreys*** was predicated entirely upon the fact that "inheritance" was not listed among the litany of winnings, payments, and compensation that were identified in the statutory definition of income under § 4302. As that statute does not define the term "asset," a comparable inference cannot be drawn to avoid the trial court's common-sense interpretation of the word as including a monetary inheritance. Thus, we are

not persuaded by Father's assertion that the **Humphreys** Court's rationale extends to the facts of this case.

Having found that the trial court did not err in identifying the inheritance as an asset that could be secured to satisfy Father's arrears and monthly child support obligation, we conclude that the trial court did not abuse its discretion by lifting the temporary suspension that it imposed pursuant to Pa.R.C.P. 1910.19(f)(2) and restoring the existing child support order that was calculated using Father's pre-incarceration earning capacity of $9.00 per hour.

Hence, we affirm the September 23, 2014 order that authorized the domestic relations section to secure the anticipated inheritance to satisfy the arrearage totaling $3804.93 and Father's reinstated monthly support obligation of $399 for his three children. If the inheritance is depleted prior to Father's release or if something interferes with Father's ability to pay the current child support obligation, he may file another request to suspend his support obligation under Rule 1910.19(f).

Order affirmed.

Judge Allen joins the Memorandum.

Judge Lazarus files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015